UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RODERICK LAMONT COTTON,

      Petitioner,                            Case No. 18-cv-13145
                                                      Hon. Matthew F. Leitman

v.

CATHERINE S. BAUMAN,

      Respondent.

_____/

**<u>ORDER (1) GRANTING PETITIONER'S REQUEST TO HAVE THE
COURT HOLD HIS HABEAS PETITION IN ABEYANCE (ECF No. 17),
AND (2) ADMINISTRATIVELY CLOSING THIS CASE</u>**

      Petitioner Roderick Lamont Cotton is a state prisoner in the custody of the Michigan Department of Corrections. In 2011, a jury in the Oakland County Circuit Court convicted Cotton of two counts of criminal sexual conduct. In 2018, Cotton filed a *pro se* habeas corpus petition in this Court seeking relief from those convictions. (*See* Pet., ECF No. 1.) Respondent then filed an answer in opposition. (*See* Answer, ECF No. 10.)

      On April 22, 2022, Cotton filed a request to hold his petition in abeyance while he applies to the Oakland County Prosecutor's Conviction Integrity Unit (the "CIU") for an investigation of his criminal case. (*See* Req., ECF No. 17.) Cotton stated in his written request that he had received a letter about his case from Beth Morrow, Director of the CIU, and he seemed to say that the CIU intended to review his case.

(*See id.*, PageID.2432.) On receipt of Cotton's request, the Court ordered Cotton to forward Ms. Morrow's letter to the Court for review. (*See* Order, ECF No. 18.)

Cotton responded to the Court's order by submitting a copy of an electronic message that was sent from Shawn Raupp of the CIU to someone named Rhonda Smith. (*See* Document, ECF No. 19.) The electronic message explains the requirements for having the CIU accept a request for review, and it states that an application to have Ms. Smith's conviction reviewed is being attached. (*See id.* at PageID.2437.)

In his cover letter to the Court (*see id.* at PageID.2436), Cotton does not explain who Rhonda Smith is, but it appears that she may have requested the CIU application in Cotton's behalf. Cotton now asks the Court to stay this case and to hold his habeas petition in abeyance so that his application to the CIU is not rejected due to his pending habeas corpus petition. (*See id.*)

Cotton's request to have the Court hold his petition in abeyance is the equivalent of a request for a stay. "A stay simply suspend[s] judicial alteration of the status quo[.]" *Nken v. Holder*, 556 U.S. 418, 429 (2009) (internal quotation marks omitted). It "operates upon the judicial proceeding . . . either by halting or postponing some portion of the proceeding, or by temporarily divesting an order of enforceability." *Id.* at 428.

"District courts . . . ordinarily have authority to issue stays," and the Antiterrorism and Effective Death Penalty Act "does not deprive district courts of that authority[.]" *Rhines v. Weber*, 544 U.S. 269, 276 (2005). Nevertheless, "[a] stay is not a matter of right, even if irreparable injury might otherwise result," and "[t]he propriety of its issue is dependent upon the circumstances of the particular case." *Virginian Ry. Co. v. United States,* 272 U.S. 658, 672-73 (1926). Under the traditional standard for a stay,

> a court considers four factors: "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." *Hilton v. Braunskill,* 481 U.S. 770, 776, 107 S.Ct. 2113, 95 L.Ed.2d 724 (1987).

*Nken*, 556 U.S. at 425-26.

"The first two factors of the traditional standard are the most critical." *Id*. at 434. The applicant must show more than a mere possibility of success on the merits and irreparable injury. *See id.* at 434-35. "Once an applicant satisfies the first two factors, the traditional stay inquiry calls for assessing the harm to the opposing party and weighing the public interest. These factors merge when the Government is the opposing party." *Id*. at 435.

Cotton has shown a likelihood of success of obtaining CIU review if the Court stays this case because he maintained his innocence at trial and he contends that a

key prosecution witness at trial has a history of making false sexual-assault allegations. These allegations satisfy one critical requirement for having the CIU accept his case for review, namely, a claim of actual innocence or evidence of misconduct by a participant in the legal process. (*See* Document, ECF No. 19, PageID.2437.)

Cotton also would be irreparably injured absent a stay because the CIU will not review or investigate a conviction if the applicant is actively appealing his conviction. (*See id.*) It further appears that Respondent will not be harmed by a stay. Indeed, Respondent has not filed an opposition to Cotton's request. Thus, the public's interest weighs in favor a stay.

Cotton has therefore satisfied the traditional factors for issuing a stay. Thus, for the reasons explained above,

**IT IS HEREBY ORDERED** that Cotton's request to hold his petition in abeyance (ECF No. 17) is **GRANTED**.

**IT IS FURTHER ORDERED** that, as a condition of the Court's stay, Cotton shall **APPLY** to the CIU within **forty-five (45) days** of the date of this order if he has not already done so.

**IT IS FURTHER ORDERED** that if Cotton is unsuccessful in obtaining relief from the CIU, he shall **FILE** a motion to re-open this case within **thirty (30) days** of receiving the CIU's decision on his application.

Finally, **IT IS FURTHER ORDERED** that this case is **STAYED** and **CLOSED** for administrative purposes until further order of the Court.

**IT IS SO ORDERED.**

                                         s/Matthew F. Leitman
                                         MATTHEW F. LEITMAN
                                         UNITED STATES DISTRICT JUDGE

Dated: October 12, 2022

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on October 12, 2022, by electronic means and/or ordinary mail.

                                         s/Holly A. Ryan
                                         Case Manager
                                         (313) 234-5126